1   SEYFARTH SHAW LLP
    Christian J. Rowley (SBN 187293) crowley@seyfarth.com
2   Pritee Thakarsey (SBN 266168) pthakarsey@seyfarth.com
    560 Mission Street, 31st Floor
3   San Francisco, California 94105
    Telephone:     (415) 397-2823
4   Facsimile:     (415) 397-8549

5   SEYFARTH SHAW LLP
    Kristina M. Launey (SBN 221335) klauney@seyfarth.com
6   400 Capitol Mall, Suite 2350
    Sacramento, California 95814-4428
7   Telephone:     (916) 448-0159
    Facsimile:     (916) 558-4839

8

9   Attorneys for Defendants
    KAISER FOUNDATION HEALTH PLAN, INC. and KAISER
10  FOUNDATION HOSPITALS

11

12                        UNITED STATES DISTRICT COURT

13                        EASTERN DISTRICT OF CALIFORNIA

14

15

16  RODNEY HOWARD,                          Case No.

17                  Plaintiff,              **DEFENDANTS KAISER FOUNDATION
                                            HEALTH PLAN, INC. AND KAISER**
18          vs.                             **FOUNDATION HOSPITALS' NOTICE
                                            OF REMOVAL FROM STATE COURT**
    SCOTT ALEXANDER TROXEL, M.D.; THE
19  PERMANENTE MEDICAL GROUP, INC.;
    KAISER FOUNDATION HEALTH PLAN, INC.;
20  KAISER FOUNDATION HOSPITALS; KAISER
    PERMANENTE SOUTH SACRAMENTO
21  MEDICAL CENTER; and DOES 1 through 50,
    Inclusive,
22
                    Defendants.
23

24          **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF**

25  **CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

26          PLEASE TAKE NOTICE that Defendants KAISER FOUNDATION HEALTH PLAN, INC. and

27  KAISER FOUNDATION HOSPITALS ("Defendants"), hereby remove the above-referenced action

28  from the Superior Court of the State of California for the County of Sacramento, to the United States

---

1

District Court for the Eastern District of California, Sacramento Division pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of federal question, codified in relevant part at 28 U.S.C. § 1331, and state that the removal is proper for the following reasons:

## PLEADINGS AND PROCEEDINGS TO DATE

1.      On February 22, 2017, Rodney Howard ("Plaintiff") filed a Complaint in the Superior Court of California, County of Sacramento entitled "*Rodney Howard vs. Scott Alexander Troxel, M.D.; The Permanente Medical Group, Inc.; Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals; Kaiser Permanente South Sacramento Medical Center; and DOES 1 through 50, Inclusive,*" Case No. 34-2017-00208336.  The Complaint asserts claims against Defendants for violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.* ("UCRA"), negligence, and violation of Section 504 of Rehabilitation Act of 1937 ("Section 504"), 29 U.S.C. § 794.  Attached as **Exhibit A** is a copy of the state court papers Plaintiff filed, and served upon Defendant Kaiser Foundation Health Plan, Inc. — Summons, Civil Cover Sheet, Complaint, and Notice of Case Management Conference.  Attached as **Exhibit B** is a copy of the state court papers Plaintiff filed, and served upon Defendant Kaiser Foundation Hospitals — Summons, Civil Cover Sheet, Complaint, and Notice of Case Management Conference.

2.      Defendants are informed and believe that the documents attached to this notice as Exhibits A constitute the entirety of the state court file in this action.

## TIMELINESS OF REMOVAL

3.      On March 6, 2017, Plaintiff served his Complaint and Summons on Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals' registered agent, Corporation Service Company, by personal service.  A true and correct copy of the Notice of Service of Process served on Defendants is attached as **Exhibit C** (Defendants Kaiser Foundation Health Plan, Inc.) **and D** (Kaiser Foundation Hospitals).  This notice of removal is therefore filed within thirty days of service of a copy of the initial pleading setting forth the claim for relief upon which this action is based, and is timely pursuant to 28 U.S.C. section 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4.      As of the time of the filing of this Notice, named Defendants Scott Alexander Troxel, M.D., The Permanente Medical Group, Inc., and Kaiser Permanente South Sacramento Medical Center[1] have not been served.  As such, they need not join this Notice of Removal.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("a party not served need not be joined").

5.      Defendants are informed and believe that the documents attached to this notice as **Exhibit A-B** constitute all "process, pleadings, and orders" in the state court action served on Defendants within the meaning of 28 U.S.C. section 1446(a).

## JURY DEMAND

6.      Plaintiff demanded a jury trial.  *See* Exhibit A, Complaint for Damages and Jury Demand.

## FEDERAL QUESTION JURISDICTION

7.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331.  Any civil action commenced in state court is removable if it might have been originally brought in federal court.  *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v. Allapattach Servs., Inc.*, 545 U.S. 546, 563-64 (2005) ("district court has original jurisdiction of a civil action for purposes of section 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action.").

8.      The action may be removed to this Court by Defendant under 28 U.S.C. §1441(c) because it arises under federal statutes, Title III of the ADA and Section 504.  (*See* Complaint, ¶¶ 28-37, 58-60.)  Plaintiff, a deaf individual, alleges that "Defendants have a pattern and practice of failing to take steps necessary to ensure individuals with hearing impairments and disabilities are not excluded, denied services, segregated and/or otherwise treated differently because of an absence of auxiliary aids and services." (*See* Complaint, ¶ ¶ 13, 35.)  Plaintiff also alleges that Defendants "acted with deliberate indifference with respect to lacking reasonable policies and procedures for its workers to identify Plaintiff's needs for auxiliary aids and/or services, including an interpreter…"  (*See* Complaint, ¶ 60.)  Based on these allegations, Plaintiff claims that Defendant violated Title III of the ADA and Section 504. (*See* Complaint, ¶¶ 36, 60.)

## PENDENT JURISDICTION OVER STATE CLAIMS

---

[1] Kaiser Permanente South Sacramento Medical Center is not a legal entity.

9.      The Court has pendent jurisdiction over Plaintiff's state law claims because they arise from a nucleus of operative facts common to Plaintiff's state law claims and federal claims under the ADA and Section 504.  For a District Court to have pendant jurisdiction over state law claims, "[t]he state and federal claims must derive from a common nucleus of operative fact."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Once a federal court acquires removal jurisdiction over a case, it also acquires jurisdiction over pendent state law claims.  *See, e.g., Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771, (9th Cir. 1986) ("[t]o conserve judicial resources, it was appropriate for the district court to decide" the state law claims).

10.      Here, the Court has pendent jurisdiction over Plaintiff's state law claims because they arise out of the same set of facts as those which form the basis of his ADA and Section 504 claims; namely, Plaintiff alleges that he was subjected to disability discrimination by Defendants due to the alleged lack of auxiliary aids and services in violation of federal and state disability laws.  Plaintiff's claims for negligence and violation of the UCRA stem from this alleged lack of full and equal access and services offered by Defendants.  Therefore, in the interest of judicial economy, the district court has pendent jurisdiction over Plaintiff's causes of action for negligence and violation of the UCRA.  *See, e.g., O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976, 985 (E.D. Cal. 2010) (Title III ADA case holding that the exercise of pendent jurisdiction over state law claims was appropriate; "[T]he federal and state claims turn on virtually identical facts and similar theories of liability.  It appears to the court to be an inappropriate use of judicial resources to have the federal courts and the state courts simultaneously resolve cases with virtually identical facts.  Consequently, the court shall exercise supplemental jurisdiction over the state law claims.")

## VENUE

11.      Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b).  This action originally was brought in the Superior Court of the State of California, County of Sacramento, which is located within the Eastern District of California.  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

DEFENDANTS' NOTICE OF REMOVAL FROM STATE COURT

**INTRADISTRICT ASSIGNMENT**

12.     Assignment of this case to the Sacramento Division of this Court is appropriate pursuant to this Court's Local Rule 120(a) and (d) because the state court action arose and was filed in the Superior Court of the State of California, County of Sacramento.

**NOTICE OF REMOVAL**

13.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Sacramento, as required under 28 U.S.C. section 1446(d).

WHEREFORE, Defendants pray that the above action pending before the Superior Court of the State of California for the County of Sacramento be removed to the United States District Court for the Eastern District of California.

DATED: April 5, 2017                              SEYFARTH SHAW LLP


By:     _____*/s/ Pritee Thakarsey*_____
        Christian J. Rowley
        Kristina M. Launey
        Pritee Thakarsey
        Attorneys for Defendants
        KAISER FOUNDATION HEALTH PLAN,
        INC. and KAISER FOUNDATION
        HOSPITALS

# Exhibit A

**SUMMONS**
*(CITATION JUDICIAL)*

SUM-100

NOTICE TO DEFENDANT: SCOTT ALEXANDER TROXEL, M.D.; THE
*(AVISO AL DEMANDADO):* PERMANENTE MEDICAL GROUP, INC.;
KAISER FOUNDATION HEALTH PLAN, INC.; KAISER
FOUNDATION HOSPITALS; KAISER PERMANENTE SOUTH
SACRAMENTO MEDICAL CENTER; and DOES 1 through 50,
inclusive

YOU ARE BEING SUED BY PLAINTIFF: RODNEY HOWARD,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED/ENDORSED

FEB 2 2 2017

By: _____ C. Freeman _____
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 34-2017-00208336 |
|---|---|
| Sacramento 720 9th Street Sacramento, CA 95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brooks Cutter                                    916.290.9400     916.588.9330
Cutter Law P.C.
401 Watt Avenue
Sacramento, CA 95864

| DATE: *(Fecha)* FEB 2 2 2017 | Clerk, by C. FREEMAN | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Kaiser Foundation Health Plan, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brooks Cutter 121407<br>Margot Cutter 306789<br>Cutter Law P.C.<br>401 Watt Avenue<br>Sacramento, CA 95864<br>TELEPHONE NO.: 916.290.9400   FAX NO.: 916.588.9330<br>ATTORNEY FOR *(Name)*: | **FILED ENDORSED**<br><br>**FEB 22 2017**<br><br>By: C. Freeman<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME: Howard v. Kaiser, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 34-2017-00208336 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[x] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

**2.** This case [ ] is [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action *(specify)*: 4 (four)

**5.** This case [ ] is [x] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 22, 2017

Brooks Cutter
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

BY FAX

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

FILED/ENDORSED

FEB 2 2 2017

By: _____C. Freeman_____
Deputy Clerk

1   C. Brooks Cutter, SBN 121407
    Margot P. Cutter, SBN 306789
2   **CUTTER LAW P.C.**
    401 Watt Avenue
3   Sacramento, CA 95864
    Telephone:   (916) 290-9400
4   Facsimile:   (916) 588-9330
    *bcutter@cutterlaw.com*
5   *mcutter@cutterlaw.com*

6

7   Catherine M. Corfee, SBN 155064
    **CORFEE STONE & ASSOCIATES**
8   6503 Grant Avenue
    Carmichael, CA 85608
9   Telephone:   (916) 487-5441
    *catherine@corfeestone.com*

10  Attorneys for Plaintiff

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      FOR THE COUNTY OF SACRAMENTO

14

15  RODNEY HOWARD,                    Case No. 34-2017-00208336

16              Plaintiff,            **COMPLAINT FOR DAMAGES AND
                                      JURY DEMAND**
17  vs.

18  SCOTT ALEXANDER TROXEL, M.D.; THE
    PERMANENTE MEDICAL GROUP, INC.;
19  KAISER FOUNDATION HEALTH PLAN,
    INC.; KAISER FOUNDATION HOSPITALS;
20  KAISER PERMANENTE SOUTH
    SACRAMENTO MEDICAL CENTER; and
21  DOES 1 through 50, inclusive,

22              Defendants.

23      Plaintiff RODNEY HOWARD complains of Defendants SCOTT ALEXANDER

24  TROXEL, M.D.; THE PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION

25  HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, KAISER PERMANENTE

26  SOUTH SACRAMENTO MEDICAL CENTER, and DOES 1 through 50, inclusive, and each of

27  them, and alleges as follows:

28

-1-
COMPLAINT FOR DAMAGES AND JURY DEMAND

## JURISDICTION AND VENUE

1.      Venue with regard to this action is proper in that the injuries and damages sustained by Plaintiff occurred within the City of Sacramento, County of Sacramento, State of California

2.      Plaintiff RODNEY HOWARD is, and at all times herein mentioned was, a resident of the City of Sacramento, County of Sacramento, State of California.

3.      The amount in controversy exceeds the minimum jurisdictional limits of the Court.

## THE PARTIES

4.      Plaintiff is informed and believes and thereupon alleges that:

        a.      Plaintiff is informed and believes and therefore alleges that Defendants PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION HEALTH PLAN, INC., KAISER PERMANENTE SOUTH SACRAMENTO MEDICAL CENTER, and KAISER FOUNDATION HOSPITALS (collectively "KAISER"); and DOES 1 through 15, and each of them, are, and were, operating in the State of California, as subsidiaries of California corporations, or other forms of business entities, duly organized, licensed and existing under the laws of the State of California, licensed to do business in the State of California, and are and were doing business in the City of Sacramento, County of Sacramento. Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact form of defendant's public or business entity when ascertained, or to prove same at time of trial.

        b.      Plaintiff is informed and believes and therefore alleges that Defendant SCOTT ALEXANDER TROXEL, M.D.; and Does 16 through 30, at all times herein mentioned were physicians, surgeons, nurses, technicians and other health care providers licensed by the State of California, and practicing in the State of California.

        c.      DOES 11 through 30, inclusive, and each of them, are now, and at all times herein mentioned were, California business entities, corporations, associations, partnerships, or other types of business entities and Plaintiff will ask leave to insert the correct designation when the same has been ascertained.

-2-
COMPLAINT FOR DAMAGES AND JURY DEMAND

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiff RODNEY HOWARD, who therefore sues such Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges that each of the Defendants, DOES 1 through 50, inclusive, are responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to Plaintiff as herein alleged.

6. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of Defendants was the agent, servant, employee, joint venturer, contractor, partner, lessor, lessee, subsidiary, principal, or employer of each of the remaining Defendants and was at all times acting within the course and scope of said relationships and each Defendant has authorized, ratified, permitted, consented, and approved the acts of each of the remaining Defendants.

7. Plaintiff RODNEY HOWARD is an otherwise qualified individual with a disability as provided in the Americans with Disabilities Act of 1990, 42 USC § 12102 ("ADA"), section 504 of the Rehabilitation Act, 29 USC § 705 ("Rehabilitation Act"), California Civil Code § 51, et seq ("Unruh Civil Rights Act"), § 52, et seq., the Health and Safety Code California § 19955, Government Code §§ 12926, et seq., 12926.1, et seq., and other statutory measures which refer to the protection of the rights of "physically disabled persons."

8. Plaintiff visited the places of public accommodation and/or public accommodations/medical services/general acute care hospital/licensed general acute care hospital, owned and operated by KAISER Defendants for the purpose of availing himself of, and to obtain the full and equal access to public programs, activities, or services, goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by KAISER Defendants, and each of them. At all times stated herein, Plaintiff acted as a private attorney general by and through his attorneys to enforce the Code of Federal Regulations under the ADA and Title 24 of the California Code of Regulations, to ensure Defendants' facilities, properties, business

-3-
COMPLAINT FOR DAMAGES AND JURY DEMAND

1  establishments and services are accessible not only for himself, but for other persons with

2  disabilities.

3        9.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

4  each of them, was a public accommodation and provided Plaintiff goods/services, public services,

5  and/or medical services in accordance with the Americans with Disabilities Act, and California

6  Civil Code § 51, et seq., the Rehabilitation Act, and the California Health and Safety Code.

7        10.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

8  each of them, at all times relevant to this action, were recipients of funding and/or financial

9  assistance, including, but not limited to funding from Medicare, Medi-Cal (Medicaid) and County

10  Medical Services (a grant of federal and state monies), from the United States of America and the

11  State of California within the meaning of the Rehabilitation Act and California Government Code

12  § 11135, et seq.

13        11.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

14  each of them, at all times relevant to this action, were recipients of funding and/or financial

15  assistance, including, but not limited to funding from Medicare, Medi-Cal (Medicaid) and County

16  Medical Services, from the United States of America and the State of California within the

17  meaning of various written statutes written for the benefit of disabled persons, including, but not

18  limited to the United States Code, the Code of Federal Regulations, the California Civil Code and

19  the California Government Code, and the regulations promulgated for each such code.

20        12.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

21  each of them, have signed a written agreement and/or agreements with the United States of

22  America, the State of California, and/or their authorized agents, whereby Defendants, and each of

23  them, agree to comply with various statutes written for the benefit of disabled persons, including,

24  but not limited to the Code of Federal Regulations, and the California Government Code. Plaintiff

25  is further informed and believes, and thereon alleges, that the Defendants, and each of them, have

26  written reporting requirements pursuant to said agreement and/or agreements with the United

27  States of America, the State of California, and/or their authorized agents, whereby Defendants,

28  and each of them, agree to comply with various statutes written for the benefit of deaf, hearing

impaired and other disabled persons including, but not limited to the Code of Federal Regulations, the California Health and Safety Code, the California Civil Code and the California Government Code.

<u>**GENERAL ALLEGATIONS**</u>

13.     Plaintiff RODNEY HOWARD is a deaf individual who employs American Sign Language ("ASL") and other auxiliary aids and services to effectively communicate. Moreover, Plaintiff has had a history of or has been classified as having a physical impairment, as required by 42 USC § 12102(2)(A), California Government Code §§ 12926, 1296.1, 11135, California Health and Safety Code § 19955, and related statutes, laws, regulations, and ordinances defining a disabled person.

14.     Plaintiff RODNEY HOWARD is and was a patient at Kaiser Permanente South Sacramento Medical Center ("Hospital"), and of Defendants. He would like to return for his medical needs and/or medicine but will be deterred until Defendants cure the violations.

15.     Defendants knew of Plaintiff RODNEY HOWARD's hearing impairment and his need for a sign language interpreter and/or auxiliary aids and/or services to effectively communicate, yet they failed to ensure that he had such. While at the Hospital, Plaintiff suffered physical medical emergencies and physical conditions but was unable to effectively communicate such to the Hospital workers because of Defendants' absence of auxiliary aides and/or services, which were negligent, and/or willful. They made a mistake, whether accidental or not that caused significant bodily injury and harm to Plaintiff. Defendants knew Plaintiff needed an interpreter. Defendants' violations caused Plaintiff to suffer significant and permanent physical personal damages and emotional injuries and damages. Defendants lacked the legally required auxiliary aides and/or services for him to effectively communicate about his medical symptoms to obtain the appropriate medical treatment in a timely manner. This caused him to suffer a stroke and other significant physical injuries, including emotional distress.

16.     On, before and after February 25, 2016, and continuing to the present date, Plaintiff RODNEY HOWARD was an invitee and guest of and upon the Defendants' public accommodations and Hospital. Plaintiff RODNEY HOWARD was hospitalized in the Defendants'

public accommodations and Hospital from 02/25/2016-03/04/2016 where he was treated by Defendants who failed to provide him with sign language interpreters and/or otherwise failed to effectively communicate with him in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189, and its implementing regulations 28 C.F.R. §§ 36.101-36.608, the California Unruh Act Sec. §51 et. seq, and Section 504 of Federal Rehabilitation Act. Plaintiff was denied full and equal access to public programs, activities, advantages, facilities, privileges, and services, which were inaccessible to members of the disabled community who use or employ ASL and other auxiliary aid and services to effectively communicate. Said denial of full and equal access occurred because of barriers which included, but were not limited to, Defendants' failure to provide required sign language interpreters and other auxiliary aids and services, to effectively communicate with Plaintiff. Furthermore, Plaintiff was unable to communicate with his treating health care providers which rendered the public programs, activities, advantages, facilities, privileges, goods or services not accessible to Plaintiff and to persons with disabilities. Moreover, Defendants, and each of them, refused to provide Plaintiff with an ASL interpreter as required by law. Each and every date of treatment and visit by staying there is a particular occasion giving rise to statutory damages, actual damages and his causes of action on said date or dates, including his claims for violations of his legally protected interests, damages, statutory damages, actual damages, injuries, loss or harm.

17.     Following a robotic assisted prostatectomy and laparoscopic pelvic lymphadenectomy on or about February 25, 2016 the Defendants negligently failed to provide Plaintiff RODNEY HOWARD with an American Sign Language interpreter. Plaintiff began to experience symptoms which included, among other things, one-sided weakness. However, Plaintiff was unable to communicate his symptoms with Defendants because Defendants negligently failed to provide Plaintiff with an interpreter. Consequently, Plaintiff was negligently prevented from communicating his health symptoms and concerns with Defendants.

18.     Plaintiff also attempted to summon medical attention and aid by pressing the nurse call button in his hospital room. Presumably, there was either no signifier or an inadequate signifier at the call station that Plaintiff was deaf. Consequently, Defendants answered the call,

but failed to converse or provide meaningful aid. This deprived Plaintiff the ability to summon or seek medical aid by pressing the nurse call button.

19.     At all times stated herein, the existence of said barriers at and on Defendants' public accommodations and/or Hospital and places of public accommodation evidenced notice of Defendants' intent not to comply with the Americans with Disabilities Act, California Government Code §§ 11135, and California Civil Code §§ 51, et seq., either then, now, or in the future.

20.     As a result of Defendants' failure to remove said barriers, and to ensure his full and equal access to public programs, activities, advantages, facilities, privileges, or services, Plaintiff was caused to be denied required sign language interpreters and other auxiliary aids, services to effectively communicate with his treating health care providers thereby unnecessarily prolonging his hospitalization, compelling him to incur additional medical expenses, and causing him to suffer physical and emotional injuries as a direct result of the above mentioned incident, thus, causing him humiliation, fear, fright, anger, disappointment, embarrassment, exclusion, degradation, and emotional distress. The absence of accessible features and/or the existence of inaccessible features caused Plaintiff's physical injury as detailed above in his inability to overcome said barriers, and to gain full and equal access to public programs, activities, advantages, facilities, privileges, or services detailed herein.

21.     The wrongful conduct of Defendants did cause great and irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff's access to and use of the subject facilities, business establishment, services, and medical services in violation of the Americans with Disabilities Act, California Civil Code §§ 51 et seq., and/or other applicable Codes, statutes, and/or regulations. At all times herein, the existence of said barriers at Defendants' places of public accommodations/medical services evidence notice of Defendants' intent not to comply with the Americans with Disabilities Act, California Civil Code §§ 51 et seq, and other similar rules, ordinances, regulations, statutes and requirements, either then, not, or in the future.

22.     Defendants were required to remove said barriers and barriers to ensure full and equal access to public programs, activities, or services at their existing facilities and/or services,

including the site of the subject incident, as detailed herein. The violations identified herein are easily removed without much difficult and/or expense. They are the type of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal is not achievable. The policies of Defendants were also readily achievable to provide for the disabled and to remove as a barrier to full and equal access. Plaintiff is deterred and has been deterred from returning for medical treatment and/or the goods and services of Defendants because of his knowledge of the illegal barriers that exist. Plaintiff, will nonetheless, return to assess ongoing compliance with the ADA and will return to Defendants as a patient and/or customer of their goods and services once the barriers are removed.

23.    Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

24.    Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change. As a result of Defendants' conduct and Plaintiff's resulting injuries, Plaintiff suffered physical and mental injury and exclusion from participation in the economic and social life of this state.

25.    Plaintiff brings this action for declaratory and injunctive relief, as well as statutory damages and costs and attorneys' fees of litigation, complaining of violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and California Civil Code §§ 51 et seq.

1  Plaintiff seeks relief under California Code of Civil Procedure 1021.5.

2      26.    As more fully described herein, Plaintiff RODNEY HOWARD suffered injuries and

3  damages as a result of the negligence of Defendants and each of them.  However, due to the nature

4  and timing of the injuries sustained, Plaintiff is uncertain as to the respective liability of each

5  Defendant for the cumulative injury incurred by him as a result of their respective negligence.

6      27.    As the proper calculation of liability and damages attributable to each Defendant

7  is a common issue of law and/or fact with respect to both of Plaintiff's claims and the absence of

8  any Defendant from this action would subject the remaining parties to the risk of inconsistent

9  and/or conflicting rulings and obligations, Plaintiff brings all of his claims together herein.

10                           **FIRST CAUSE OF ACTION**

11      **(Americans with Disabilities Act against Hospital and only Drs. On Board, or with**

12          **Policy Making Authority not Independent Contractor Doctors)**

13      28.    As the proper calculation of liability and damages attributable to each Defendant is

14  a common issue of law and/or fact with respect to both of Plaintiff's claims and the absence of

15  any Defendant from this action would subject the remaining parties to the risk of inconsistent

16  and/or conflicting rulings and obligations, Plaintiff brings all of his claims together herein.

17  Plaintiff RODNEY HOWARD incorporates by reference each and every paragraph in this

18  Complaint as though fully set forth herein.

19      29.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges,

20  advantages, accommodations, facilities, goods and services of any place of public

21  accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a

22  place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia,

23  as follows:

24      a.    A failure to make reasonable modifications in policies, practices, or

25  procedures, when such modifications are necessary to afford goods, services, facilities, privileges,

26  advantages, or accommodations to individuals with disabilities, unless the accommodation would

27  work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

28      b.    A failure to remove architectural barriers where such removal is readily

-9-

achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

      c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

     30.     A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communications with individuals with disabilities. 28 C.F.R. sec 36.303(c) (1993). The ADA requires that Title III entities (businesses and nonprofit organizations that serve the public) to communicate effectively with people who have communication disabilities, such as the deaf and those with hearing impairments. The policy goal is to ensure that communication with people with these disabilities is equally effective as communication with people without disabilities. The purpose of the effective communication rules is to ensure that the person with a vision, hearing, or speech disability can communicate with, receive information from, and convey information to, the covered entity. 28 C. F. R. sec. 36.303. The key to communicating effectively is to consider the nature, length, complexity, and context of the communication and the person's normal method(s) of communication. 28 C. F. R. sec. 36.303. A Hospital, is a public accommodation, and shall inform the hearing impaired public of its auxiliary aids and services. 42 U.S.C. Sec. 12181(7) (F). It shall furnish auxiliary aids and services when needed to communicate effectively with people who have communication disabilities.

     31.     People who are deaf, have hearing loss, or are deaf-blind, need auxiliary aids and services, which includes providing a qualified note taker; a qualified sign language interpreter, oral interpreter, cued-speech interpreter, or tactile interpreter; real-time captioning; written materials; or a printed script of a stock speech (such as given on a museum or historic house tour). A "qualified" interpreter means someone who is able to interpret effectively, accurately, and

impartially, both receptively (i.e., understanding what the person with the disability is saying) and expressively (i.e., having the skill needed to convey information back to that person) using any necessary specialized vocabulary.

32.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182 (a).

33.     KAISER Defendants' hospitals and medical facilities are places of public accommodation. 42 U.S.C. §12181 (7) (F).

34.     Defendants have discriminated against Plaintiff RODNEY HOWARD on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

        a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

        b.     Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to a disabled individual;

        c.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to a disabled individual;

        d.     Failing to take such steps as may be necessary to ensure that an individual with a disability is not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; and/or

        e.     Failing to provide qualified interpreters or other effective methods of making aurally delivered materials available to an individual with hearing impairment.

35.     Plaintiff RODNEY HOWARD is informed and believes that Defendants have a pattern and practice of failing to take steps necessary to ensure individuals with hearing impairments and disabilities are not excluded, denied services, segregated and/or otherwise treated differently because of an absence of auxiliary aides and services.

COMPLAINT FOR DAMAGES AND JURY DEMAND

36.     Defendants lacked and lack reasonable policies, practices and/or procedures to train their workers, staff, employees and/or physicians to identify patients who may need sign language interpreters and/or other auxiliary aids and services to communicate, especially during times of emergency medical needs.  As such, Defendants' violations of the ADA have harmed Plaintiff.

37.     Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. §12188, Plaintiff prays for judgment as set forth below.

### SECOND CAUSE OF ACTION

### (Unruh Civil Rights Act - Civil Code Sec. 51 - 53)

38.     Plaintiff incorporates by reference each and every paragraph in this Complaint as though fully set forth herein.

39.     Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).).

40.     Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, in additional to physical personal injuries, defendants are also each responsible for statutory damages, i.e., a civil penalty, and liable for actual damages.

41.     The Unruh Civil Rights Act, codified at Civil Code section 51, provides, in pertinent part, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever ... A violation of the right of any individual under the Americans with Disabilities Act of 1990 ... shall also constitute a violation of this section. Cal.Civ.Code § 51 (f) (West Supp.1994).  Civil Code section 52 provides a damage remedy for violations of section 51: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51 ... is liable for each and every offense for the actual damages, and any amount that may be determined by a jury ... up to a maximum of three times the amount of actual damages but in no case less than two hundred fifty dollars ... and any attorney's fees...." Civ.Code § 52(a) (West Supp. 1994). Section 52(h) provides, in accordance with existing law,

-12-
COMPLAINT FOR DAMAGES AND JURY DEMAND

that "actual damages" means special and general damages. Civ. Code § 52(h) (West Supp.1994). Civil Code section 51 et seq. provides for injunctive relief   Note, Plaintiff is not invoking Civil Code section 55.

42.     Defendant operates business establishments and public accommodations within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act).

43.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

44.     Defendants have violated the Unruh Act by, inter alia, denying Plaintiff RODNEY HOWARD, a person with a disability, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendants, especially by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the aids of auxiliary aids and services. Defendants have also violated the Unruh Act by violating the ADA, as set forth above, which is incorporated in the Unruh Act.)

45.     Defendants have violated the Unruh Act by, inter alia, failing to operate its services in a nondiscriminatory basis and by failing to ensure that Plaintiff RODNEY HOWARD received nondiscriminatory treatment, health care, and services.

46.     At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that the absence of auxiliary aids and services at their Hospital violated disabled access requirements and standards, and had a discriminatory affect upon Plaintiff RODNEY HOWARD and upon other physically disabled persons, but Defendants have refused to rectify the violations, and presently continue a course of conduct in maintaining said discriminatory policies, procedures, and barriers that discriminate against Plaintiff and similarly situated disabled persons. An award of treble damages against all Defendants would be appropriate.

-13-

47.     In doing the acts and/or omissions alleged herein, Defendants wrongfully and unlawfully denied access to its services, health care, and treatments to a disabled individual and acted with knowledge of the effect its conduct was having a physically disabled person, Plaintiff RODNEY HOWARD.

48.     Defendants should be ordered to comply with the disabled access codes pursuant to section 52(c) of the California Civil Code.  Specifically, Defendants must be ordered to provide modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to a disabled.  Defendants must be ordered to ensure individuals with hearing impairments and disabilities are not excluded, denied services, segregated and/or otherwise treated differently because of an absence of auxiliary aides and services.  Plaintiff RODNEY HOWARD seeks an order against Defendants to provide him with qualified interpreters and/or auxiliary aids and/or services to effectively communicate with the workers at the Hospitals, including Defendants.

49.     Because Defendants violated the rights of Plaintiff under the ADA and are liable for injunctive relief and they also violated the Unruh Civil Rights Act and are liable for damages. (Cal.Civ. Code. Sec. 51(f), 52(a), and Plaintiff RODNEY HOWARD is entitled to injunctive relief under California Civil Code section 52(c).  Plaintiff is not invoking Civil Code 55.

50.     Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for Plaintiff, the Defendants are also each responsible for statutory damages, i.e., a civil penalty under California Civil Code section 52"

51.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

#### (Negligence)

52.     Plaintiff RODNEY HOWARD incorporates by reference each and every paragraph in this Complaint as though fully set forth herein.

53.     As a result of the Defendants' negligence in their failure to provide Plaintiff RODNEY HOWARD an American Sign Language interpreter, Plaintiff suffered severe and

COMPLAINT FOR DAMAGES AND JURY DEMAND

1     permanent injury.

2         54.     Following the aforementioned negligent failure to provide an American Sign

3   Language interpreter, Plaintiff RODNEY HOWARD was prevented from communicating his

4   health symptoms, needs, and concerns, which resulted in a delayed diagnoses of his acute

5   ischemic stroke. Therefore, treatment and interventional treatment were delayed. Plaintiff

6   RODNEY HOWARD was deprived of time-sensitive treatments because of Defendants'

7   negligent failure to provide an American Sign Language interpreter.

8         55.     Said injuries have caused and continue to cause Plaintiff great mental, physical,

9   and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said

10   injuries will result in some permanent disability to Plaintiff RODNEY HOWARD, all to his

11   general damage in an amount in excess of the minimum jurisdictional limits of the Court.

12         56.     As further proximate result of the said negligence of the Defendants, and each of

13   them, Plaintiff RODNEY HOWARD was required to and did employ, and will be required in the

14   future to employ, physicians and surgeons to examine, treat, and care for him and did incur, and

15   will in the future incur, medical and incidental expenses. The exact amount of such expense is

16   unknown to Plaintiff at this time, and Plaintiff will ask leave to amend his pleading to set forth the

17   exact amount thereof when the same is ascertained by him, and any and all prejudgment interest

18   from the date of said injuries.

19         57.     As a further proximate result of the said negligence of the Defendants, and each of

20   them, Plaintiff RODNEY HOWARD, was prevented from attending to his usual occupation and

21   Plaintiff is informed and believes and therefore alleges, that he will thereby be prevented from

22   attending to his usual occupation, all to Plaintiff's further damage in the amount unknown at this

23   time, and Plaintiff will ask leave to amend his complaint to show the exact amount when

24   determined.

25                                **FOURTH CAUSE OF ACTION**

26              **(Violation of Sec. 504 of Rehabilitation Act of 1973)**

27         58.     Plaintiff RODNEY HOWARD incorporates by reference each and every

28   paragraph in this Complaint as though fully set forth herein.

59.     Plaintiff RODNEY HOWARD is informed and believes that Defendants are recipients of federal financial assistance and is covered by Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. Under § 504 of the RA, "[n]o otherwise qualified individual with a disability in the United States, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Under the RA's implementing regulations, a hospital that receives federal funds "shall establish a procedure for effective communication with persons with impaired hearing for the purpose of providing emergency health care." 45 C.F.R. § 84.52(c). Additionally, a recipient hospital with fifteen or more employees is required to "provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question." *Id.* § 84.52(d) (1). A plaintiff aggrieved by a violation of the RA may seek all remedies available under Title VI of the Civil Rights Act of 1964 ( 42 U.S.C. § 2000d *et seq.*), including monetary damages. *See* 29 U.S.C. § 794a (a) (2).

60.     During Plaintiff RODNEY HOWARD's medical treatment, and convalescence at the Hospital, Defendants acted with deliberate indifference and/or intentionally failed to provide Plaintiff with the necessary auxiliary aids and services that he needed, especially during his medical emergency, to communicate his stroke symptoms and medical conditions with the Hospital staff. No effort was made by Defendants to provide him with such required communications services and yet they knew he needed them. Defendants were reckless and acted with deliberate indifference to ensuring that Plaintiff had effective auxiliary aids and services to enable him to communicate at all times in questions. Defendants also acted with deliberate indifference with respect to lacking reasonable policies and procedures for its workers to identify Plaintiff's needs for auxiliary aids and/or services, including an interpreter, and with respect to making said policies known and/or posted to those with disabilities.

WHEREFORE, Plaintiff RODNEY HOWARD prays for judgment against Defendants, and each of them, as follows:

COMPLAINT FOR DAMAGES AND JURY DEMAND

1          1.      For general damages collectively in a sum in excess of the minimum

2  jurisdictional limits of the Court;

3          2.      For all medical and incidental expenses according to proof;

4          3.      For all loss of earnings according to proof;

5          4.      For all prejudgment interest on general and special damages from the date

6  of Plaintiff's CCP § 998 Offer to Comprise;

7          5.      For all costs of suit;

8          6.      Equitable and injunctive relief pursuant to 42 U.S.C. § 12188 (b) (2) (A);

9          7.      Monetary damages pursuant to 42 U.S.C. § 12188 (b) (2) (B);

10        8.      Civil penalty pursuant to 42 U.S.C. § 12188 (b) (2) (C);

11        9.      Money damages pursuant to Rehabilitation Act 29 U.S.C. § 794a (a) (2)

12        10.     Statutory, actual and treble damages pursuant to Civil Code Section 52

13        11.     Reasonable attorney's fees according to proof, and pursuant to California

14  Code of Civil Procedure 1021.5, and Civil Code Sections 51 and 52;

15        12.     Such other and further relief as this Court may deem just and proper.

16

17  Dated: February 22, 2017             CUTTER LAW P.C.

18

19                        By: _____

20                             C. Brooks Cutter
                              Attorneys for Plaintiff

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND JURY DEMAND

1

2

**VERIFICATION**

3       I, Rodney Howard, plaintiff herein, hereby swear under penalty of perjury under the laws

4   of the State of California as follows: I am familiar with the contents of this complaint and verify

5   that the facts alleged are true and correct according to my personal knowledge, except as to those

6   matters that are pled on information and belief, and as to those matters, I have reason to believe

7   that they are true.

8

9                       By: _____

                                Rodney Howard

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

COMPLAINT FOR DAMAGES AND JURY DEMAND

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**<br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:    Gordon D Schaber Courthouse<br><br>PHONE NUMBER:    (916) 874-5522 | FOR COURT USE ONLY |
| **SHORT TITLE:**    Howard vs. Scott Alexander Troxel MD | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | **CASE NUMBER:**<br>34-2017-00208336-CU-PO-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 06/24/2017 in Department  39  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at
www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

# Exhibit B

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** SCOTT ALEXANDER TROXEL, M.D.; THE
*(AVISO AL DEMANDADO):* PERMANENTE MEDICAL GROUP, INC.;
KAISER FOUNDATION HEALTH PLAN, INC.; KAISER
FOUNDATION HOSPITALS; KAISER PERMANENTE SOUTH
SACRAMENTO MEDICAL CENTER; and DOES 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** RODNEY HOWARD,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED/ENDORSED

FEB 2 2 2017

By: _____ C. Freeman
          Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sacramento
720 9th Street

Sacramento, CA 95814

**CASE NUMBER:**
*(Número del Caso):* 34.2017-00208336

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brooks Cutter                           916.290.9400     916.588.9330
Cutter Law P.C.
401 Watt Avenue
Sacramento, CA 95864

DATE: FEB 2 2 2017            Clerk, by ____C. FREEMAN____ , Deputy
*(Fecha)*                     *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Kaiser Foundation Hospitals

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brooks Cutter 121407<br>Margot Cutter 306789<br>Cutter Law P.C.<br>401 Watt Avenue<br>Sacramento, CA 95864<br>TELEPHONE NO.: 916.290.9400   FAX NO.: 916.588.9330<br>ATTORNEY FOR *(Name):* | FILED ENDORSED<br><br>FEB 22 2017<br><br>By: _____ C. Freeman<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME: Howard v. Kaiser, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 34-2017-00208336 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

**4.** Number of causes of action *(specify):* 4 {four}

**5.** This case [ ] is   [x] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 22, 2017

Brooks Cutter
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET<br>Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

FILED/ENDORSED

FEB 2 2 2017

By: _C. Freeman_
Deputy Clerk

1   C. Brooks Cutter, SBN 121407
    Margot P. Cutter, SBN 306789
2   **CUTTER LAW P.C.**
    401 Watt Avenue
3   Sacramento, CA 95864
    Telephone:   (916) 290-9400
4   Facsimile:   (916) 588-9330
    *bcutter@cutterlaw.com*
5   *mcutter@cutterlaw.com*

6
    Catherine M. Corfee, SBN 155064
7   **CORFEE STONE & ASSOCIATES**
    6503 Grant Avenue
8   Carmichael, CA 85608
    Telephone:   (916) 487-5441
9   *catherine@corfeestone.com*

10  Attorneys for Plaintiff

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              FOR THE COUNTY OF SACRAMENTO

14
    RODNEY HOWARD,
15                                      Case No. 34-2017-00208336
            Plaintiff,
16                                      **COMPLAINT FOR DAMAGES AND**
    vs.                                 **JURY DEMAND**
17
    SCOTT ALEXANDER TROXEL, M.D.; THE
18  PERMANENTE MEDICAL GROUP, INC.;
    KAISER FOUNDATION HEALTH PLAN,
19  INC.; KAISER FOUNDATION HOSPITALS;
    KAISER PERMANENTE SOUTH
20  SACRAMENTO MEDICAL CENTER; and
    DOES 1 through 50, inclusive,
21
22          Defendants.

23          Plaintiff RODNEY HOWARD complains of Defendants SCOTT ALEXANDER

24  TROXEL, M.D.; THE PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION

25  HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, KAISER PERMANENTE

26  SOUTH SACRAMENTO MEDICAL CENTER, and DOES 1 through 50, inclusive, and each of

27  them, and alleges as follows:

28
                              -1-
            COMPLAINT FOR DAMAGES AND JURY DEMAND

## JURISDICTION AND VENUE

1.     Venue with regard to this action is proper in that the injuries and damages sustained by Plaintiff occurred within the City of Sacramento, County of Sacramento, State of California

2.     Plaintiff RODNEY HOWARD is, and at all times herein mentioned was, a resident of the City of Sacramento, County of Sacramento, State of California.

3.     The amount in controversy exceeds the minimum jurisdictional limits of the Court.

## THE PARTIES

4.     Plaintiff is informed and believes and thereupon alleges that:

   a.     Plaintiff is informed and believes and therefore alleges that Defendants PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION HEALTH PLAN, INC., KAISER PERMANENTE SOUTH SACRAMENTO MEDICAL CENTER, and KAISER FOUNDATION HOSPITALS (collectively "KAISER"); and DOES 1 through 15, and each of them, are, and were, operating in the State of California, as subsidiaries of California corporations, or other forms of business entities, duly organized, licensed and existing under the laws of the State of California, licensed to do business in the State of California, and are and were doing business in the City of Sacramento, County of Sacramento. Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact form of defendant's public or business entity when ascertained, or to prove same at time of trial.

   b.     Plaintiff is informed and believes and therefore alleges that Defendant SCOTT ALEXANDER TROXEL, M.D.; and Does 16 through 30, at all times herein mentioned were physicians, surgeons, nurses, technicians and other health care providers licensed by the State of California, and practicing in the State of California.

   c.     DOES 11 through 30, inclusive, and each of them, are now, and at all times herein mentioned were, California business entities, corporations, associations, partnerships, or other types of business entities and Plaintiff will ask leave to insert the correct designation when the same has been ascertained.

-2-
COMPLAINT FOR DAMAGES AND JURY DEMAND

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiff RODNEY HOWARD, who therefore sues such Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges that each of the Defendants, DOES 1 through 50, inclusive, are responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to Plaintiff as herein alleged.

6.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of Defendants was the agent, servant, employee, joint venturer, contractor, partner, lessor, lessee, subsidiary, principal, or employer of each of the remaining Defendants and was at all times acting within the course and scope of said relationships and each Defendant has authorized, ratified, permitted, consented, and approved the acts of each of the remaining Defendants.

7.     Plaintiff RODNEY HOWARD is an otherwise qualified individual with a disability as provided in the Americans with Disabilities Act of 1990, 42 USC § 12102 ("ADA"), section 504 of the Rehabilitation Act, 29 USC § 705 ("Rehabilitation Act"), California Civil Code § 51, et seq ("Unruh Civil Rights Act"), § 52, et seq., the Health and Safety Code California § 19955, Government Code §§ 12926, et seq., 12926.1, et seq., and other statutory measures which refer to the protection of the rights of "physically disabled persons."

8.     Plaintiff visited the places of public accommodation and/or public accommodations/medical services/general acute care hospital/licensed general acute care hospital, owned and operated by KAISER Defendants for the purpose of availing himself of, and to obtain the full and equal access to public programs, activities, or services, goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by KAISER Defendants, and each of them. At all times stated herein, Plaintiff acted as a private attorney general by and through his attorneys to enforce the Code of Federal Regulations under the ADA and Title 24 of the California Code of Regulations, to ensure Defendants' facilities, properties, business

-3-

1  establishments and services are accessible not only for himself; but for other persons with

2  disabilities.

3      9.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

4  each of them, was a public accommodation and provided Plaintiff goods/services, public services,

5  and/or medical services in accordance with the Americans with Disabilities Act, and California

6  Civil Code § 51, et seq., the Rehabilitation Act, and the California Health and Safety Code.

7      10.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

8  each of them, at all times relevant to this action, were recipients of funding and/or financial

9  assistance, including, but not limited to funding from Medicare, Medi-Cal (Medicaid) and County

10  Medical Services (a grant of federal and state monies), from the United States of America and the

11  State of California within the meaning of the Rehabilitation Act and California Government Code

12  § 11135, et seq.

13      11.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

14  each of them, at all times relevant to this action, were recipients of funding and/or financial

15  assistance, including, but not limited to funding from Medicare, Medi-Cal (Medicaid) and County

16  Medical Services, from the United States of America and the State of California within the

17  meaning of various written statutes written for the benefit of disabled persons, including, but not

18  limited to the United States Code, the Code of Federal Regulations, the California Civil Code and

19  the California Government Code, and the regulations promulgated for each such code.

20      12.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

21  each of them, have signed a written agreement and/or agreements with the United States of

22  America, the State of California, and/or their authorized agents, whereby Defendants, and each of

23  them, agree to comply with various statutes written for the benefit of disabled persons, including,

24  but not limited to the Code of Federal Regulations, and the California Government Code. Plaintiff

25  is further informed and believes, and thereon alleges, that the Defendants, and each of them, have

26  written reporting requirements pursuant to said agreement and/or agreements with the United

27  States of America, the State of California, and/or their authorized agents, whereby Defendants,

28  and each of them, agree to comply with various statutes written for the benefit of deaf, hearing

-4-

COMPLAINT FOR DAMAGES AND JURY DEMAND

1   impaired and other disabled persons including, but not limited to the Code of Federal

2   Regulations, the California Health and Safety Code, the California Civil Code and the California

3   Government Code.

4   **GENERAL ALLEGATIONS**

5       13.     Plaintiff RODNEY HOWARD is a deaf individual who employs American Sign

6   Language ("ASL") and other auxiliary aids and services to effectively communicate. Moreover,

7   Plaintiff has had a history of or has been classified as having a physical impairment, as required by

8   42 USC § 12102(2)(A), California Government Code §§ 12926, 1296.1, 11135, California Health

9   and Safety Code § 19955, and related statutes, laws, regulations, and ordinances defining a disabled

10  person.

11      14.     Plaintiff RODNEY HOWARD is and was a patient at Kaiser Permanente South

12  Sacramento Medical Center ("Hospital'), and of Defendants.  He would like to return for his

13  medical needs and/or medicine but will be deterred until Defendants cure the violations.

14      15.     Defendants knew of Plaintiff RODNEY HOWARD's hearing impairment and his

15  need for a sign language interpreter and/or auxiliary aids and/or services to effectively

16  communicate, yet they failed to ensure that he had such.  While at the Hospital, Plaintiff suffered

17  physical medical emergencies and physical conditions but was unable to effectively communicate

18  such to the Hospital workers because of Defendants' absence of auxiliary aides and/or services,

19  which were negligent, and/or willful.  They made a mistake, whether accidental or not that caused

20  significant bodily injury and harm to Plaintiff.  Defendants knew Plaintiff needed an interpreter.

21  Defendants' violations caused Plaintiff to suffer significant and permanent physical personal

22  damages and emotional injuries and damages.  Defendants lacked the legally required auxiliary

23  aides and/or services for him to effectively communicate about his medical symptoms to obtain the

24  appropriate medical treatment in a timely manner.  This caused him to suffer a stroke and other

25  significant physical injuries, including emotional distress.

26      16.     On, before and after February 25, 2016, and continuing to the present date, Plaintiff

27  RODNEY HOWARD was an invitee and guest of and upon the Defendants' public

28  accommodations and Hospital. Plaintiff RODNEY HOWARD was hospitalized in the Defendants'

-5-
COMPLAINT FOR DAMAGES AND JURY DEMAND

public accommodations and Hospital from 02/25/2016-03/04/2016 where he was treated by Defendants who failed to provide him with sign language interpreters and/or otherwise failed to effectively communicate with him in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189, and its implementing regulations 28 C.F.R. §§ 36.101-36.608, the California Unruh Act Sec. §51 et. seq, and Section 504 of Federal Rehabilitation Act. Plaintiff was denied full and equal access to public programs, activities, advantages, facilities, privileges, and services, which were inaccessible to members of the disabled community who use or employ ASL and other auxiliary aid and services to effectively communicate. Said denial of full and equal access occurred because of barriers which included, but were not limited to, Defendants' failure to provide required sign language interpreters and other auxiliary aids and services, to effectively communicate with Plaintiff. Furthermore, Plaintiff was unable to communicate with his treating health care providers which rendered the public programs, activities, advantages, facilities, privileges, goods or services not accessible to Plaintiff and to persons with disabilities. Moreover, Defendants, and each of them, refused to provide Plaintiff with an ASL interpreter as required by law. Each and every date of treatment and visit by staying there is a particular occasion giving rise to statutory damages, actual damages and his causes of action on said date or dates, including his claims for violations of his legally protected interests, damages, statutory damages, actual damages, injuries, loss or harm.

17.     Following a robotic assisted prostatectomy and laparoscopic pelvic lymphadenectomy on or about February 25, 2016 the Defendants negligently failed to provide Plaintiff RODNEY HOWARD with an American Sign Language interpreter. Plaintiff began to experience symptoms which included, among other things, one-sided weakness. However, Plaintiff was unable to communicate his symptoms with Defendants because Defendants negligently failed to provide Plaintiff with an interpreter. Consequently, Plaintiff was negligently prevented from communicating his health symptoms and concerns with Defendants.

18.     Plaintiff also attempted to summon medical attention and aid by pressing the nurse call button in his hospital room. Presumably, there was either no signifier or an inadequate signifier at the call station that Plaintiff was deaf. Consequently, Defendants answered the call,

-6-

1    but failed to converse or provide meaningful aid. This deprived Plaintiff the ability to summon or

2    seek medical aid by pressing the nurse call button.

3        19.    At all times stated herein, the existence of said barriers at and on Defendants' public

4    accommodations and/or Hospital and places of public accommodation evidenced notice of

5    Defendants' intent not to comply with the Americans with Disabilities Act, California Government

6    Code §§ 11135, and California Civil Code §§ 51, et seq., either then, now, or in the future.

7        20.    As a result of Defendants' failure to remove said barriers, and to ensure his full and

8    equal access to public programs, activities, advantages, facilities, privileges, or services, Plaintiff

9    was caused to be denied required sign language interpreters and other auxiliary aids, services to

10   effectively communicate with his treating health care providers thereby unnecessarily prolonging

11   his hospitalization, compelling him to incur additional medical expenses, and causing him to suffer

12   physical and emotional injuries as a direct result of the above mentioned incident, thus, causing

13   him humiliation, fear, fright, anger, disappointment, embarrassment, exclusion, degradation, and

14   emotional distress. The absence of accessible features and/or the existence of inaccessible features

15   caused Plaintiff's physical injury as detailed above in his inability to overcome said barriers, and

16   to gain full and equal access to public programs, activities, advantages, facilities, privileges, or

17   services detailed herein.

18       21.    The wrongful conduct of Defendants did cause great and irreparable injury to

19   Plaintiff in that Defendants' failure to provide full and equal access to individuals with

20   disabilities, including Plaintiff, denies Plaintiff's access to and use of the subject facilities,

21   business establishment, services, and medical services in violation of the Americans with

22   Disabilities Act, California Civil Code §§ 51 et seq., and/or other applicable Codes, statutes,

23   and/or regulations. At all times herein, the existence of said barriers at Defendants' places of

24   public accommodations/medical services evidence notice of Defendants' intent not to comply

25   with the Americans with Disabilities Act, California Civil Code §§ 51 et seq, and other similar

26   rules, ordinances, regulations, statutes and requirements, either then, not, or in the future.

27       22.    Defendants were required to remove said barriers and barriers to ensure full and

28   equal access to public programs, activities, or services at their existing facilities and/or services,

-7-

COMPLAINT FOR DAMAGES AND JURY DEMAND

1   including the site of the subject incident, as detailed herein.  The violations identified herein are

2   easily removed without much difficult and/or expense.  They are the type of barriers identified by

3   the Department of Justice as presumably readily achievable to remove and, in fact, these barriers

4   are readily achievable to remove.  Moreover, there are numerous alternative accommodations that

5   could be made to provide a greater level of access if complete removal is not achievable.  The

6   policies of Defendants were also readily achievable to provide for the disabled and to remove as a

7   barrier to full and equal access.  Plaintiff is deterred and has been deterred from returning for

8   medical treatment and/or the goods and services of Defendants because of his knowledge of the

9   illegal barriers that exist. Plaintiff, will nonetheless, return to assess ongoing compliance with the

10   ADA and will return to Defendants as a patient and/or customer of their goods and services once

11   the barriers are removed.

12        23.      Given the obvious and blatant violation, the plaintiff alleges, on information and

13   belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff

14   will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he

15   conducts a site inspection. However, please be on notice that the plaintiff seeks to have all

16   barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008)

17   (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that

18   relate to his disability removed regardless of whether he personally encountered them).

19        24.      Additionally, on information and belief, the plaintiff alleges that the failure to

20   remove these barriers was intentional because: (1) these particular barriers are intuitive and

21   obvious; (2) the defendants exercised control and dominion over the conditions at this location and,

22   therefore, the lack of accessible facilities was not an "accident" because had the defendants

23   intended any other configuration, they had the means and ability to make the change. As a result of

24   Defendants' conduct and Plaintiff's resulting injuries, Plaintiff suffered physical and mental injury

25   and exclusion from participation in the economic and social life of this state.

26        25.      Plaintiff brings this action for declaratory and injunctive relief, as well as statutory

27   damages and costs and attorneys' fees of litigation, complaining of violations of the Americans with

28   Disabilities Act ("ADA"), 42U.S.C. §§ 12181et seq., and California Civil Code §§ 51 et seq.

-8-

1    Plaintiff seeks relief under California Code of Civil Procedure 1021.5.

2            26.    As more fully described herein, Plaintiff RODNEY HOWARD suffered injuries and

3    damages as a result of the negligence of Defendants and each of them.  However, due to the nature

4    and timing of the injuries sustained, Plaintiff is uncertain as to the respective liability of each

5    Defendant for the cumulative injury incurred by him as a result of their respective negligence.

6            27.    As the proper calculation of liability and damages attributable to each Defendant

7    is a common issue of law and/or fact with respect to both of Plaintiff's claims and the absence of

8    any Defendant from this action would subject the remaining parties to the risk of inconsistent

9    and/or conflicting rulings and obligations, Plaintiff brings all of his claims together herein.

10                              **FIRST CAUSE OF ACTION**

11    **(Americans with Disabilities Act against Hospital and only Drs. On Board, or with**

12              **Policy Making Authority not Independent Contractor Doctors)**

13            28.    As the proper calculation of liability and damages attributable to each Defendant is

14    a common issue of law and/or fact with respect to both of Plaintiff's claims and the absence of

15    any Defendant from this action would subject the remaining parties to the risk of inconsistent

16    and/or conflicting rulings and obligations, Plaintiff brings all of his claims together herein.

17    Plaintiff RODNEY HOWARD incorporates by reference each and every paragraph in this

18    Complaint as though fully set forth herein.

19            29.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges,

20    advantages, accommodations, facilities, goods and services of any place of public

21    accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a

22    place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia,

23    as follows:

24            a.    A failure to make reasonable modifications in policies, practices, or

25    procedures, when such modifications are necessary to afford goods, services, facilities, privileges,

26    advantages, or accommodations to individuals with disabilities, unless the accommodation would

27    work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

28            b.    A failure to remove architectural barriers where such removal is readily

-9-

1   achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG,

2   found at 28 C.F.R., Part 36, Appendix "D."

3           c.      A failure to make alterations in such a manner that, to the maximum extent

4   feasible, the altered portions of the facility are readily accessible to and usable by individuals with

5   disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent

6   feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking

7   fountains serving the altered area, are readily accessible to and usable by individuals with

8   disabilities. 42 U.S.C. § 12183(a)(2).

9           30.     A public accommodation shall furnish appropriate auxiliary aids and services

10  where necessary to ensure effective communications with individuals with disabilities. 28 C.F.R.

11  sec 36.303(c) (1993). The ADA requires that Title III entities (businesses and nonprofit

12  organizations that serve the public) to communicate effectively with people who have

13  communication disabilities, such as the deaf and those with hearing impairments. The policy goal

14  is to ensure that communication with people with these disabilities is equally effective as

15  communication with people without disabilities. The purpose of the effective communication

16  rules is to ensure that the person with a vision, hearing, or speech disability can communicate

17  with, receive information from, and convey information to, the covered entity. 28 C. F. R. sec.

18  36.303. The key to communicating effectively is to consider the nature, length, complexity, and

19  context of the communication and the person's normal method(s) of communication. 28 C. F. R.

20  sec. 36.303. A Hospital, is a public accommodation, and shall inform the hearing impaired public

21  of its auxiliary aids and services. 42 U.S.C. Sec. 12181(7) (F). It shall furnish auxiliary aids and

22  services when needed to communicate effectively with people who have communication

23  disabilities.

24          31.     People who are deaf, have hearing loss, or are deaf-blind, need auxiliary aids and

25  services, which includes providing a qualified note taker; a qualified sign language interpreter,

26  oral interpreter, cued-speech interpreter, or tactile interpreter; real-time captioning; written

27  materials; or a printed script of a stock speech (such as given on a museum or historic house tour).

28  A "qualified" interpreter means someone who is able to interpret effectively, accurately, and

-10-
COMPLAINT FOR DAMAGES AND JURY DEMAND

impartially, both receptively (i.e., understanding what the person with the disability is saying) and expressively (i.e., having the skill needed to convey information back to that person) using any necessary specialized vocabulary.

32. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182 (a).

33. KAISER Defendants' hospitals and medical facilities are places of public accommodation. 42 U.S.C. §12181 (7) (F).

34. Defendants have discriminated against Plaintiff RODNEY HOWARD on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to a disabled individual;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to a disabled individual;

d. Failing to take such steps as may be necessary to ensure that an individual with a disability is not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; and/or

e. Failing to provide qualified interpreters or other effective methods of making aurally delivered materials available to an individual with hearing impairment.

35. Plaintiff RODNEY HOWARD is informed and believes that Defendants have a pattern and practice of failing to take steps necessary to ensure individuals with hearing impairments and disabilities are not excluded, denied services, segregated and/or otherwise treated differently because of an absence of auxiliary aides and services.

-11-

COMPLAINT FOR DAMAGES AND JURY DEMAND

36.    Defendants lacked and lack reasonable policies, practices and/or procedures to train their workers, staff, employees and/or physicians to identify patients who may need sign language interpreters and/or other auxiliary aids and services to communicate, especially during times of emergency medical needs. As such, Defendants' violations of the ADA have harmed Plaintiff.

37.    Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. §12188, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

### (Unruh Civil Rights Act - Civil Code Sec. 51 - 53)

38.    Plaintiff incorporates by reference each and every paragraph in this Complaint as though fully set forth herein.

39.    Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).).

40.    Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, in additional to physical personal injuries, defendants are also each responsible for statutory damages, i.e., a civil penalty, and liable for actual damages.

41.    The Unruh Civil Rights Act, codified at Civil Code section 51, provides, in pertinent part, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever ... A violation of the right of any individual under the Americans with Disabilities Act of 1990 ... shall also constitute a violation of this section. Cal.Civ.Code § 51 (f) (West Supp.1994). Civil Code section 52 provides a damage remedy for violations of section 51: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51 ... is liable for each and every offense for the actual damages, and any amount that may be determined by a jury ... up to a maximum of three times the amount of actual damages but in no case less than two hundred fifty dollars ... and any attorney's fees...." Civ.Code § 52(a) (West Supp. 1994). Section 52(h) provides, in accordance with existing law,

-12-

that "actual damages" means special and general damages. Civ. Code § 52(h) (West Supp.1994). Civil Code section 51 et seq. provides for injunctive relief   Note, Plaintiff is not invoking Civil Code section 55.

42.   Defendant operates business establishments and public accommodations within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act").

43.   The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

44.   Defendants have violated the Unruh Act by, inter alia, denying Plaintiff RODNEY HOWARD, a person with a disability, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendants, especially by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the aids of auxiliary aids and services. Defendants have also violated the Unruh Act by violating the ADA, as set forth above, which is incorporated in the Unruh Act.)

45.   Defendants have violated the Unruh Act by, inter alia, failing to operate its services in a nondiscriminatory basis and by failing to ensure that Plaintiff RODNEY HOWARD received nondiscriminatory treatment, health care, and services.

46.   At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that the absence of auxiliary aids and services at their Hospital violated disabled access requirements and standards, and had a discriminatory affect upon Plaintiff RODNEY HOWARD and upon other physically disabled persons, but Defendants have refused to rectify the violations, and presently continue a course of conduct in maintaining said discriminatory policies, procedures, and barriers that discriminate against Plaintiff and similarly situated disabled persons. An award of treble damages against all Defendants would be appropriate.

-13-

47.     In doing the acts and/or omissions alleged herein, Defendants wrongfully and unlawfully denied access to its services, health care, and treatments to a disabled individual and acted with knowledge of the effect its conduct was having a physically disabled person, Plaintiff RODNEY HOWARD.

48.     Defendants should be ordered to comply with the disabled access codes pursuant to section 52(c) of the California Civil Code.  Specifically, Defendants must be ordered to provide modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to a disabled.  Defendants must be ordered to ensure individuals with hearing impairments and disabilities are not excluded, denied services, segregated and/or otherwise treated differently because of an absence of auxiliary aides and services.  Plaintiff RODNEY HOWARD seeks an order against Defendants to provide him with qualified interpreters and/or auxiliary aids and/or services to effectively communicate with the workers at the Hospitals, including Defendants.

49.     Because Defendants violated the rights of Plaintiff under the ADA and are liable for injunctive relief and they also violated the Unruh Civil Rights Act and are liable for damages. (Cal.Civ. Code. Sec. 51(f), 52(a), and Plaintiff RODNEY HOWARD is entitled to injunctive relief under California Civil Code section 52(c).  Plaintiff is not invoking Civil Code 55.

50.     Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for Plaintiff, the Defendants are also each responsible for statutory damages, i.e., a civil penalty under California Civil Code section 52.

51.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (Negligence)

52.     Plaintiff RODNEY HOWARD incorporates by reference each and every paragraph in this Complaint as though fully set forth herein.

53.     As a result of the Defendants' negligence in their failure to provide Plaintiff RODNEY HOWARD an American Sign Language interpreter, Plaintiff suffered severe and

-14-

1    permanent injury.

2        54.    Following the aforementioned negligent failure to provide an American Sign

3    Language interpreter, Plaintiff RODNEY HOWARD was prevented from communicating his

4    health symptoms, needs, and concerns, which resulted in a delayed diagnoses of his acute

5    ischemic stroke. Therefore, treatment and interventional treatment were delayed. Plaintiff

6    RODNEY HOWARD was deprived of time-sensitive treatments because of Defendants'

7    negligent failure to provide an American Sign Language interpreter.

8        55.    Said injuries have caused and continue to cause Plaintiff great mental, physical,

9    and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said

10    injuries will result in some permanent disability to Plaintiff RODNEY HOWARD, all to his

11    general damage in an amount in excess of the minimum jurisdictional limits of the Court.

12        56.    As further proximate result of the said negligence of the Defendants, and each of

13    them, Plaintiff RODNEY HOWARD was required to and did employ, and will be required in the

14    future to employ, physicians and surgeons to examine, treat, and care for him and did incur, and

15    will in the future incur, medical and incidental expenses. The exact amount of such expense is

16    unknown to Plaintiff at this time, and Plaintiff will ask leave to amend his pleading to set forth the

17    exact amount thereof when the same is ascertained by him, and any and all prejudgment interest

18    from the date of said injuries.

19        57.    As a further proximate result of the said negligence of the Defendants, and each of

20    them, Plaintiff RODNEY HOWARD, was prevented from attending to his usual occupation and

21    Plaintiff is informed and believes and therefore alleges, that he will thereby be prevented from

22    attending to his usual occupation, all to Plaintiff's further damage in the amount unknown at this

23    time, and Plaintiff will ask leave to amend his complaint to show the exact amount when

24    determined.

25    **FOURTH CAUSE OF ACTION**

26    **(Violation of Sec. 504 of Rehabilitation Act of 1973)**

27        58.    Plaintiff RODNEY HOWARD incorporates by reference each and every

28    paragraph in this Complaint as though fully set forth herein.

-15-

59.     Plaintiff RODNEY HOWARD is informed and believes that Defendants are recipients of federal financial assistance and is covered by Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794.  Under § 504 of the RA, "[n]o otherwise qualified individual with a disability in the United States, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).  Under the RA's implementing regulations, a hospital that receives federal funds "shall establish a procedure for effective communication with persons with impaired hearing for the purpose of providing emergency health care." 45 C.F.R. § 84.52(c). Additionally, a recipient hospital with fifteen or more employees is required to "provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question." *Id.* § 84.52(d) (1).  A plaintiff aggrieved by a violation of the RA may seek all remedies available under Title VI of the Civil Rights Act of 1964 ( 42 U.S.C. § 2000d *et seq.*), including monetary damages. *See* 29 U.S.C. § 794a (a) (2).

60.     During Plaintiff RODNEY HOWARD's medical treatment, and convalescence at the Hospital, Defendants acted with deliberate indifference and/or intentionally failed to provide Plaintiff with the necessary auxiliary aids and services that he needed, especially during his medical emergency, to communicate his stroke symptoms and medical conditions with the Hospital staff.  No effort was made by Defendants to provide him with such required communications services and yet they knew he needed them.  Defendants were reckless and acted with deliberate indifference to ensuring that Plaintiff had effective auxiliary aids and services to enable him to communicate at all times in questions.  Defendants also acted with deliberate indifference with respect to lacking reasonable policies and procedures for its workers to identify Plaintiff's needs for auxiliary aids and/or services, including an interpreter, and with respect to making said policies known and/or posted to those with disabilities.

WHEREFORE, Plaintiff RODNEY HOWARD prays for judgment against Defendants, and each of them, as follows:

-16-
COMPLAINT FOR DAMAGES AND JURY DEMAND

1.     For general damages collectively in a sum in excess of the minimum jurisdictional limits of the Court;

2.     For all medical and incidental expenses according to proof;

3.     For all loss of earnings according to proof;

4.     For all prejudgment interest on general and special damages from the date of Plaintiff's CCP § 998 Offer to Comprise;

5.     For all costs of suit;

6.     Equitable and injunctive relief pursuant to 42 U.S.C. § 12188 (b) (2) (A);

7.     Monetary damages pursuant to 42 U.S.C. § 12188 (b) (2) (B);

8.     Civil penalty pursuant to 42 U.S.C. § 12188 (b) (2) (C);

9.     Money damages pursuant to Rehabilitation Act 29 U.S.C. § 794a (a) (2)

10.    Statutory, actual and treble damages pursuant to Civil Code Section 52

11.    Reasonable attorney's fees according to proof, and pursuant to California Code of Civil Procedure 1021.5, and Civil Code Sections 51 and 52;

12.    Such other and further relief as this Court may deem just and proper.

Dated: February 22, 2017               CUTTER LAW P.C.

By: _____

C. Brooks Cutter
Attorneys for Plaintiff

-17-

COMPLAINT FOR DAMAGES AND JURY DEMAND

1
2
## VERIFICATION

3      I, Rodney Howard, plaintiff herein, hereby swear under penalty of perjury under the laws

4 of the State of California as follows: I am familiar with the contents of this complaint and verify

5 that the facts alleged are true and correct according to my personal knowledge, except as to those

6 matters that are pled on information and belief, and as to those matters, I have reason to believe

7 that they are true.

8
9      By: _____

Rodney Howard

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-18-

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME:   Gordon D Schaber Courthouse<br>PHONE NUMBER:   (916) 874-5522 | |

| SHORT TITLE:     Howard vs. Scott Alexander Troxel MD | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2017-00208336-CU-PO-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 08/24/2017 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:
  -Served all parties named in the complaint within 60 days after the summons has been issued
  -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
  -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

# Exhibit C



**CORPORATION SERVICE COMPANY'**

CHS / LABOR
Transmittal Number: 16333016
Date Processed: 03/07/2017

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Simone M Anderson<br>Kaiser Foundation Hospitals<br>One Kaiser Plaza<br>Floor 19L<br>Oakland, CA 94612-3610 |
| **Electronic copy provided to:** | Renee Seaton |
| **Entity:** | Kaiser Foundation Health Plan, Inc.<br>Entity ID Number  0460146 |
| **Entity Served:** | Kaiser Foundation Health Plan, Inc. |
| **Title of Action:** | Rodney Howard vs. Scott Alexander Troxel, M.D. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sacramento County Superior Court, California |
| **Case/Reference No:** | 34-2017-00208336 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/06/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | C. Brooks Cutter<br>916-290-9400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

# Exhibit D



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

CHS / ALL
Transmittal Number: 16332984
Date Processed: 03/07/2017

| | |
|---|---|
| Primary Contact: | Simone M Anderson<br>Kaiser Foundation Hospitals<br>One Kaiser Plaza<br>Floor 19L<br>Oakland, CA 94612-3610 |
| Electronic copy provided to: | Renee Seaton |
| Entity: | Kaiser Foundation Hospitals<br>Entity ID Number 0460125 |
| Entity Served: | Kaiser Foundation Hospitals |
| Title of Action: | Rodney Howard vs. Scott Alexander Troxel, M.D. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Sacramento County Superior Court, California |
| Case/Reference No: | 34-2017-00208336 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/06/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | C. Brooks Cutter<br>916-290-9400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com